# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LYDIA RUIZ, as one of the surviving heirs-at-law of Tony A. Ruiz, Vera Martinez, and Cathy Ann Rodriguez, each deceased, <br> , <br>           *Plaintiff* <br> v. <br><br> THE BANK OF NEW YORK MELLON f/n/a/ The Bank of New York, as trustee for the Certificate holders of CWABS, Inc., asset backed notes series 2004-SD4, and NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICINGs, <br>           *Defendants* | CIVIL NO. 1:22-CV-00483-LY-SH |

## <u>ORDER</u>

Now before the Court are BoNYM's Unopposed Motion for Leave to File Amended Counterclaim (Dkt. 13) and Plaintiff's Counsel's Unopposed Motion to Withdraw as Counsel of Record for Plaintiff (Dkt. 15), both filed October 3, 2022. On May 31, 2022, the District Court referred all motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

## I.  Background

On April 29, 2022, Plaintiff Lydia Ruiz filed this lawsuit in state court against The Bank of New York Mellon, formerly known as The Bank of New York, as trustee for the Certificate Holders of CWABS, Inc., Asset Backed Notes Series 2004-SD4 ("BoNYM"), and NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), seeking to enjoin a foreclosure of property located at 8528 Cornwall Drive, Austin, Texas 78748 (the "Property"). Original Petition, Dkt. 1-2. Plaintiff alleges that she inherited the property from her mother, Vera Martinez, who, along with

Tony A. Ruiz and Cathy Ann Rodriguez, granted a home equity loan against the Property. *Id.* ¶ 5. Plaintiff alleges that Martinez, Ruiz, and Rodriguez each died intestate and without probate, and that there was miscommunication among their heirs about who was responsible for repaying the loan. *Id.* ¶¶ 14-16.

Plaintiff further alleges that one of the heirs, Johnny Rodriguez, entered into a contract to sell the Property, and the buyer, Welling Investments, Inc. ("Welling"), discovered it was scheduled for a May 3, 2022 foreclosure sale. *Id.* ¶ 20.[1] Johnny Rodriguez claimed surprise by the foreclosure because he assumed other heirs were making the mortgage payments. *Id.* ¶ 22. After conferring with Johnny Rodriguez and the other heirs, Plaintiff discovered that BoNYM filed and obtained an order authorizing foreclosure pursuant to Texas Rule of Civil Procedure 736. *Id.* ¶ 26. Plaintiff alleges that she was not made a party to the proceeding, and that neither BoNYM nor Shellpoint provided her or any other heir with notice the loan was in default and opportunity to cure. *Id.* Plaintiff asserts causes of action for breach of contract and violations of the Texas Debt Collection Act. She also seeks injunctive relief, monetary damages, attorney's fees, and court costs.

Defendants removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 USC § 1332(a). Dkt. 1. On August 31, 2022, BoNYM filed its Original Counterclaim, seeking an in rem judgment declaring its right to foreclose its Texas home equity security instrument and sell the Property. Dkt. 6. BoNYM now seek leave to file an amended counterclaim against additional owners of the Property.

In addition, Plaintiff's counsel moves for leave to withdraw as counsel of record for Plaintiff.

The Court addresses each motion in turn.

---

[1] On May 17, 2022, Welling notified Plaintiff's counsel that the pending contract of sale was being canceled and that Welling would not go through with the purchase of the Property because Plaintiff was unable to obtain clear title from all surviving heirs-at-law. Dkt. 15 at 2.

## II.   BoNYM's Motion for Leave to File Amended Counterclaim

BoNYM alleges that since it filed its Original Counterclaim, it has learned of additional owners of the Property (i.e., Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmeralda Nguyen) and seeks to join them as in rem defendants. BoNYM also alleges that it has discovered that Cristine Rendon and Ernest Martinez Rodriguez III are not owners of Property and should be excluded from the counterclaim. Thus, BoNYM's proposed amended counterclaim terminates Cristine Rendon and Ernest Martinez Rodriguez III as defendants; adds Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Priscilla Yvonne Rodriguez and Laura Esmeralda Nguyen as defendants; and explains how each counter-defendant acquired his or her interest in the property. The proposed amended counterclaim seeks the same relief as the original counterclaim. Plaintiff does not oppose the Motion. Dkt. 13 at 4.

A motion for leave to file a counterclaim is governed by Federal Rule of Civil Procedure 15(a). *See* FED. R. CIV. P. 13 advisory committee's note to 2009 amendment ("An amendment to add a counterclaim will be governed by Rule 15."); *Acadia Ins. Co. v. Hinds Cnty. Sch. Dist.*, 582 F. App'x 384, 393 (5th Cir. 2014) (applying Rule 15 to motion for leave to amend pleading to include counterclaim). As relevant here, Rule 15(a) permits a party to amend its pleading "once as a matter of course" within 21 days after serving it, but afterward "only with the opposing party's written consent or the court's leave." In the latter circumstance, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (citation omitted).

Because BoNYM presents good cause for the motion and it is unopposed, the Court **GRANTS** BoNYM's Unopposed Motion for Leave to File Amended Counterclaim (Dkt. 13). *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997) (holding that there was "no justification for denial of leave to amend" where defendant expressly informed the district court that it did not object to plaintiff's proposed amendments to the complaint).

### III. Plaintiff's Counsel's Motion to Withdraw as Counsel of Record

Plaintiff's counsel, John G. Helstowski, seeks permission to withdraw from representing Plaintiff in this action. Helstowski alleges that Plaintiff has failed to assist him in prosecuting this action and pay his fees.

On April 29, 2022, Plaintiff and Helstowski executed a Contractual Agreement for Legal Services (the "Fee Agreement"), in which Plaintiff agreed to compensate counsel to represent her in this matter. Dkt 15 at 8-12. The agreement sets forth the terms and conditions of the engagement, including the requirement for Plaintiff to timely make monthly payments of accruing attorney's fees and costs. *Id.* at 9. The Fee Agreement further provides that: "Any bills for fees, costs and expenses not paid within fifteen (15) days of the date of the bill shall be assessed a cumulative late charge of 1 and a half percent (1.5%) of the amount due and owing on a monthly basis. I shall have the right to stop all work on your behalf if any of my bills are not paid within fifteen (15) days of the date of my bill(s)." *Id.* at 11.

Helstowski alleges that Plaintiff has "not paid Plaintiff's counsel any attorney's fees nor reimbursed counsel for any costs incurred." *Id.* at 3. He alleges that after he was notified on May 17, 2022 that Welling would not purchase the Property, he contacted Plaintiff the same day and asked if she still wanted to prosecute this action. *Id.* at 3. Plaintiff responded in a May 31, 2022 email, stating: "I would like to dismiss this case, I have no clue what the other heirs intentions are." *Id.* at 16.

On June 22, 2022, counsel for Defendants emailed Helstowski requesting a conference with him and Plaintiff to gather more information about Plaintiff's family history and identify potential heirs, probate proceedings, and the heirs' intentions regarding the Property. *Id.* at 3. Helstowski contends that despite Plaintiff's failure to pay him, he continued to represent her and made diligent efforts to contact her to arrange a conference with Defendants' counsel. Nonetheless, Helstowski alleges, he was unable to schedule a conference because Plaintiff did not respond to his communications. *Id.* at 3-4. Helstowski further alleges that he advised Defendants' counsel of Plaintiff's desire to dismiss this action, but Defendants refused to agree to the dismissal. *Id.* at 3. Helstowski alleges that he

> has been very patient with Plaintiff and has made repeated, numerous phone calls and sent written emails to Plaintiff demanding payment of the past due attorney's fees and costs owed under the Fee Agreement, and Plaintiff has not made any payments, and has also failed to provide Plaintiff's counsel with any further assistance in the prosecution of this civil action.

*Id.* at 4.

On September 13, 2022, Helstowski emailed and sent by certified mail, return receipt requested, a letter to Plaintiff with a copy of Plaintiffs Counsel's Unopposed Motion to Withdraw as Counsel of Record to Plaintiff's last known email address and physical home address, and asked that Plaintiff provide written consent for counsel to withdraw. *Id.* at 5. Helstowski alleges that Plaintiff responded to his email on October 2, 2022, as follows:

> I requested in May that I wanted this case dismissed. It is not my fault that Counsel continued to pursue this after I slated my intentions to dismiss. They should have not moved forward with this case. I made it very clear to the Wellington Group that I had no intention and could not afford to pay attorney costs. Which is why after the sale was canceled I stated my intent to dismiss.

*Id.* at 5-6.

Based on the foregoing, Helstowski states that he "is unable and unwilling to continue to represent Plaintiff and hereby seeks permission to withdraw." *Id.* at 5. Defendants are unopposed to the withdrawal. *Id.* at 7.

An attorney may withdraw from representation only on leave of the court and a showing of good cause and reasonable notice to the client. *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (cleaned up). Whether just cause exists depends on the facts and circumstances of each case. *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 663 (5th Cir. 1996). Courts have found just cause where the client fails to cooperate or refuses to pay for services. *Id.* The attorney bears the burden of proving just cause to withdraw. *Id.*

The Court finds that Helstowski has established good cause to withdraw and has given reasonable notice to Plaintiff. The evidence before the Court shows that Plaintiff has neither cooperated in prosecuting her case nor paid Helstowski for his legal services, establishing good cause for withdrawal. *See Diamond Consortium, Inc. v. Hammervold*, 737 F. App'x 194, 197 (5th Cir. 2018) ("Under the Texas Disciplinary Rules of Professional Conduct, good cause may exist if, among other factors, withdrawal will not adversely affect the client, the client fails to pay the lawyer's fee, or continued representation will result in financial hardship to the lawyer."); *Augustson*, 76 F.3d at 663 (stating that good cause exists where client fails to cooperate with counsel or refuses to pay for services); *Richards v. Wells Fargo Bank*, N.A., No. 18-CV-00084-DC, 2019 WL 13194126, at *2 (W.D. Tex. Oct. 31, 2019) ("Plaintiff's attorney has shown good cause for withdrawal—Plaintiff's failure to pay for services performed."). In addition, Helstowski

has demonstrated that he has given Plaintiff reasonable notice of his withdrawal, and that she does not object. The Court also finds that Plaintiff will not be prejudiced by withdrawal, as she seeks dismissal of this case. Finally, the Court finds that it would be unjust to deny the motion to withdraw. *Richards*, 2019 WL 13194126, at *2.

For these reasons, the Court **GRANTS** John G. Helstowski's Unopposed Motion to Withdraw as Counsel of Record for Plaintiff (Dkt. 15). John G. Helstowski is hereby withdrawn as counsel of record.

**Plaintiff is ORDERED, on or before December 21, 2022**, to either (1) cause new counsel to enter an appearance, (2) notify the Court in writing that she is continuing this lawsuit and is representing herself *pro se* (without counsel), or (3) notify the Court in writing that she no longer desires to continue this lawsuit and wishes for it to be dismissed.

**IT IS SO ORDERED.**

**SIGNED** on November 19, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE