# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LYDIA RUIZ,<br>    *Plaintiff/Counter-Defendant,*<br>v.<br><br>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET BACKED NOTES SERIES 2003-SD4 AND NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING AND ITS SUCCESSORS AND/OR ASSIGNS,<br>    *Defendants/Counter-Plaintiffs.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL NO. 1:22-CV-00483-LY-SH<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

# **O R D E R**

Now before the Court is Counter-Plaintiff's Motion for Substituted Service of Process, filed March 10, 2023. Dkt. 30. On May 31, 2022 District Court referred all pending and future nondispositive and dispositive motions in this case to this Magistrate Judge for resolution and Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

## I.     General Background

Plaintiff Lydia Ruiz filed this suit in Travis County District Court on April 29, 2022, against Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificate Holders of CWABS, Inc., Asset Backed Notes Series 2004-SD4 ("BoNYM"), and NewRez LLC d/b/a as Shellpoint Mortgage Servicing. Dkt. 1-2. Plaintiff seeks to enjoin the foreclosure of real property located at 8528 Cornwall Drive, Austin, Texas 78748 ("Property"), which was scheduled for May 3, 2022. The loan on the Property is in default and BoNYM, the current owner of the loan, seeks foreclosure. Plaintiff alleges that she inherited an interest in the Property from her mother,

Vera Martinez, who co-owned the Property with Tony A. Ruiz and Cathy Ann Rodriguez. Martinez, Ruiz, and Rodriguez each died intestate.

Defendants removed this case to federal court on May 18, 2022 pursuant to 28 U.S.C. § 1332(a), based on diversity jurisdiction. Dkt. 1. On November 19, 2022, BoNYM filed counterclaims against Plaintiff and nine other individuals[1] who claim an interest in the Property. First Amended Counterclaim, Dkt. 17. BoNYM seeks a declaration that it has the right to foreclose on the loan and sell the Property under Chapter 51 of the Texas Property Code. *Id.* ¶ 54.

Although BoNYM has served six of the nine Counter-Defendants, it alleges that it has been unable to serve Bruce Ruiz, Priscilla Yvonne-Rodriguez, and Johnny Tijerina Rodriguez despite diligent efforts. BoNYM seeks permission to serve these Counter-Defendants with alternative service under Texas Rules of Civil Procedure 106 and 109. Dkt. 30.

## II.  Legal Standards

The core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections. *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Relevant here, Texas Rule of Civil Procedure 106 permits service of process by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

---

[1] Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen.

>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

TEX. R. CIV. P. 106(a). If service does not succeed under either provision, the serving party may file a motion with the court requesting alternative service:

>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). The motion for substitute service must be supported by a sworn statement and list "any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." *Id.* The burden is on the moving party to show that a substitute method of service is appropriate under Texas law. *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020).

Texas Rule of Civil Procedure 109 permits service by publication when a plaintiff swears that (1) "the residence of any party defendant is unknown . . . or that such defendant is a transient person"; and (2) "after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State." Rule 109 also requires the court to "inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service." *Id.* A diligent search "must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *In re E.R.*, 385 S.W.3d 552, 565 (Tex. 2012).

> Although . . . a party need not use "all possible or conceivable means of discovery," a reasonable search "is an inquiry that a reasonable person would make, and it must extend to places where information is likely to be obtained and to persons who, in the ordinary course of events, would be likely to have information of the person or entity sought."

*Id.* at 564 (Tex. 2012) (quoting *In re S.P.*, 672 N.W.2d 842, 848 (Iowa 2003)).

### III.   Analysis

BoNYM alleges that it has been unable to serve Counter-Defendants Bruce Andrew Ruiz, Priscilla Yvonne Rodriguez, and Johnny Tijerina Rodriguez despite its diligent efforts. BoNYM alleges that it "has been unable to locate a good address for Bruce Andrew Ruiz, unable to personally serve Priscilla Yvonne Rodriguez at the confirmed address of her usual place of abode, and unable to personally serve Johnny Tijerina Rodriguez at several locations including his usual place of abode." Dkt. 30 at 2. In support of its Motion and in compliance with the Texas Rules, BoNYM has submitted (1) a sworn declaration from its attorney Adam Ragan (Dkt. 30-1 at 2-4); (2) affidavits from its process servers (*Id.* at 33, 49, 58, 60); and (3) documentation of electronic searches of social media websites and public records (*Id.* at 14-32, 53-56). The Court finds that BoNYM meets the requirements for substitute service under Rules 106 and 109.

**A.  Bruce Andrew Ruiz**

BoNYM seeks permission to serve Bruce Andrew Ruiz by publication under Rule 109. BoNYM alleges that despite its diligent efforts, it has been unable to personally serve Ruiz because he is transient individual and his "residence and whereabouts are unknown." Dkt. 30 at 3. In support of its argument that it diligently attempted to serve Ruiz, BoNYM relies on an affidavit from its process server, John Wilson, stating that he tried to serve Ruiz at his sister Brandy Ruiz's residence in November 2022, but that Brandy Ruiz informed Wilson that Ruiz "is homeless and does not have a phone." Wilson Aff., Dkt. 30-1 at 33. BoNYM also provides a declaration from

4

its attorney Adam Ragan stating that his office tried to locate Ruiz by "public records searches, communications with Mr. Ruiz's brother Bryan Ruiz and sister Brandy Ruiz; communications with other persons who have helped identify counter-defendants in this lawsuit, and social media searches." Ragan Decl., Dkt. 30-1 at 2-3.

The Court finds BoNYM has shown that a reasonably diligent search was made to locate and effectively serve Bruce Andrew Ruiz. *See Wells Fargo Bank, N.A. v. Elliot*, No. 1:18-CV-1111-RP, 2019 WL 1208998, at *1 (W.D. Tex. Mar. 14, 2019) (holding that plaintiff was diligent in attempting to serve defendant under Rule 109 where it (1) attempted personal service at the residential address he provided, (2) attempted to locate him through his employer, and (3) conducted searches using several computerized directories, appraisal districts, and public records databases to identify alternative addresses where plaintiff could be served); *see also Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 189 (Tex. 2022) ("A diligent inquiry by a person who actually desires to find a defendant in a tax suit includes a search of public property and tax records."). Accordingly, the Court permits BoNYM to serve Ruiz by publication under Rule 109.

**B.  Priscilla Yvonne Rodriguez**

BoNYM seeks to serve Priscilla Yvonne Rodriguez under Rule 106(b) by leaving a copy of the summons and First Amended Counterclaim with anyone older than sixteen at her residence (614 Wayne St., Dallas, Texas 75223), or, if no person is found there, by affixing it to the front door of her home. BoNYM argues that it has been unable to serve Priscilla Rodriguez at her confirmed residence despite its diligent efforts because she has been evading service. In support, BoNYM's process server, Ernesto Herrera, has provided an affidavit stating that he tried to serve Priscilla Rodriguez at her residence six times between November 2022 and February 2023 but that she "absents herself and thereby evades service by said Citation." Herrera Aff., Dkt. 30-1 at 49. Herrera testifies that Priscilla Rodriguez repeatedly failed to answer the door to accept service, and

her housekeeper repeatedly informed him that she was out of town or at work, although her car was in her driveway. *Id.* at 50.

BoNYM has met its burden to show that substitute service is appropriate under Rule 106. *See Pflipsen v. Leco Broadway 410, LLC*, No. SA-21-CV-01055-JKP, 2022 WL 508348, at *2 (W.D. Tex. Feb. 16, 2022) (granting substitute service under Rule 106(b) by certified mail, affixing a copy of the complaint and summons to defendant's office door, or leaving the documents with defendant's support staff where defendant evaded service); *Coach, Inc. v. CM Retail LLC*, No. 3:09-CV-2215-, 2010 WL 1790395, at *3 (N.D. Tex. May 5, 2010) (granting substitute service under Rule 106(b) by leaving summons and complaint with a person over age 16 or affixing the summons and complaint to the door where defendant repeatedly evaded service). The Court authorizes BoNYM to serve Priscilla Yvonne Rodriguez by leaving a copy of the summons and First Amended Counterclaims on anyone older than sixteen at her residence, or if no person is found there, by affixing them to the front door of her home.

## C. Johnny Tijerina Rodriguez

BoNYM seeks to serve Johnny Tijerina Rodriguez under Rule 106(b) by (1) leaving a copy of the summons and First Amended Counterclaims with anyone older than sixteen at his residence (9955 Constance St., Dallas, Texas 75220), or if no person is found there, by affixing them to the front door of his home; and (2) delivering copies of the same by text message to his cell phone. BoNYM argues that it has been unable to serve Johnny Rodriguez at his current residence despite its diligent efforts because he has been evading service. In support, BoNYM provides affidavits from its process servers showing that they made seven attempts at personal service at Johnny Rodriguez's residence and three attempts at his workplace. Kroll Aff., Dkt. 30-1 at 58; Lewis Aff., *id.* at 60-61. BoNYM also has made several unsuccessful attempts to serve Johnny Rodriguez by certified mail. Raglan Decl., *id.* at 3.

6

Because BoNYM has sufficiently complied with Rule 106(b), the Court authorizes it to serve Johnny Tijerina Rodriguez by (1) leaving a copy of the summons and First Amended Counterclaims on anyone older than sixteen at his residence, or if no person is found there, by affixing them to the front door of the home, and (2) delivering copies of the same by text message to his cell phone.

## IV.   Conclusion

For these reasons, Counter-Plaintiff BoNYM's Motion for Substitute Service of Process (Dkt. 30) is **GRANTED**. The Court **ORDERS**:

(1) BoNYM is granted an additional 90 days, until May 18, 2023, to serve Bruce Andrew Ruiz, Priscilla Yvonne Rodriguez, and Johnny Tijerina Rodriguez.

(2) BoNYM is authorized to serve Bruce Andrew Ruiz by publication.

(3) BoNYM is authorized to serve Priscilla Yvonne Rodriguez by leaving copies of BoNYM's summons and First Amended Counterclaims with anyone older than sixteen years of age at 614 Wayne Street, Dallas, Texas 75223, or if no person is found there, by affixing them to the front door of the home.

(4) BoNYM is authorized to serve Johnny Tijerina Rodriguez by leaving copies of BoNYM's summons and First Amended Counterclaims with anyone older than sixteen years of age at 9955 Constance St, Dallas, Texas 75220, or if no person is found there, by affixing them to the front door of the home, and by text message to (214) 226-2855.

**SIGNED** on March 27, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE