UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYDIA RUIZ, | § | |
| | § | |
| Plaintiff/ Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| NEWREZ LLC d/b/a Shellpoint | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| fka The Bank of New York, as trustee for | § | |
| the Certificate Holders of CWABS, Inc., | § | |
| Asset Backed Notes Series 2004-SD4, | § | Case No. 1:22-cv-00483-LY-SH |
| | § | |
| Defendant/Counter-plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BRUCE RUIZ, et al., | § | |
| | § | |
| Counter-Defendants. | § | |

## BONYM'S MOTION FOR DEFAULT JUDGMENT AGAINST COUNTER-DEFENDANTS

Defendant/Counter-Plaintiff The Bank of New York Mellon fka The Bank of New York, as trustee for the Certificate Holders of CWABS, Inc., Asset Backed Notes Series 2004-SD4 (**BoNYM**) moves for default judgment against counter-defendants, Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Priscilla Yvonne Rodriguez, Johnny Tijerina Rodriguez, and Laura Esmaralda Nguyen.

1

## I.    INTRODUCTION

1.     BoNYM seeks a court order affirming its right to non-judicially foreclose property securing its defaulted loan—a home equity line of credit.  The loan has been in default for years.  BoNYM obtained an order to proceed with expedited foreclosure under Tex. R. Civ. P. 736 in February 2020.  In response, Lydia Ruiz filed the instant lawsuit seeking to stop the foreclosure, but later voluntarily dismissed her claims.  BoNYM counterclaimed seeking declaratory relief affirming its right to foreclose.  BoNYM duly served all counter-defendants with its first amended counterclaims (**FAC**), but none have answered or otherwise responded.  BoNYM obtained defaults against each counter-defendant, and now moves for entry of default judgment.

## II.    BACKGROUND

**A.    Factual background**

### (i)    The property, loan default, and BoNYM's Tex. R. Civ. P. 736 proceeding

2.     Tony A. Ruiz and Vera Martinez each owned an undivided one-half interest in the property at 8528 Cornwall Drive, Austin, Texas 78748.  (Dkt. 17, BoNYM's First Amended Counterclaim (**FAC**), ¶ 14).  Tony A. Ruiz was married to Vera Martinez's daughter, Cathy Ann Rodriguez.  (FAC, ¶ 15).  Tony A. Ruiz obtained a $64,500 home equity loan in 2000 and executed a note promising to repay the loan, plus interest.  (FAC, ¶ 16; Declaration of [   ] (**[ ] Decl.**), **Ex. 1**, note).  Tony A. Ruiz, Vera Martinez, and Cathy Ann Rodriguez executed a security instrument granting a lien against the property to secure repayment of the loan.  (FAC, ¶ 17; [ ] Decl., **Ex. 2**, security instrument).  Among other things, the loan's terms require regular monthly payments of principal and interest beginning October 1, 2000, through the loan's maturity, September 1, 2030.  (FAC, ¶ 20; [ ] Decl., **Ex. 1**).

3.      The note is secured by a security instrument created under art. 16, section 50(a)(6) of the Texas Constitution.  ([ ] Decl., **Ex. 1**, ¶ 1 ("This is an extension of credit as defined by section 50(a)(6), Article XVI of the Texas Constitution."), **Ex. 2**, at p. 1 ("This is an extension of credit as defined by section 50(a)(6), Article XVI of the Texas Constitution.")).

4.      BoNYM is the current record beneficiary of the security instrument.  (FAC, ¶ 20; [ ] Decl., **Ex. 3**, assignment ("the undersigned holder of a Deed of Trust…does hereby grant, sell, assign, transfer and covey unto [BoNYM] all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described…")).

5.      The loan is in default and is due for the August 1, 2012 payment and each installment thereafter.  (FAC, ¶ 22; [ ] Decl., ¶ 8; **Ex. 4**, loan history).

6.      BoNYM's servicer at that time, Resurgent Mortgage Servicing, served Tony A. Ruiz with notice of the default, notice of his opportunity to cure the default and notice that, if the default was not cured within 45 days, the maturity of the loan would be accelerated.  (FAC, ¶ 23; [ ] Decl., ¶ 9; **Exs. 5 & 6**, notices of default).

7.      BoNYM accelerated the maturity of the loan with the filing of its counterclaim in this action.  (FAC, ¶ 25).

8.      To date, the default has not been cured.  (FAC, ¶ 24; [ ] Decl. ¶ 10).

**(ii)    Current owners of the property**

9.      Vera Martinez died on March 5, 2001 in Travis County, Texas.  (FAC, ¶ 26).  There is no record Vera Martinez's estate was probated.  (FAC, ¶ 27).  Vera Martinez was not married at the time of her death.  (FAC, ¶ 28).  Vera Martinez had four children: Lydia Ruiz, Ernest Martinez Rodriguez II, Gilbert M. Rodriguez and Cathy Ann Rodriguez.  (FAC, ¶ 29).  On Vera Martinez's death, her interest in the property passed pro rata to Lydia Ruiz, Ernest Martinez Rodriguez II,

Gilbert M. Rodriguez and Cathy Ann Rodriguez.  Tex. Estates Code § 201.001(b).  (*See also* FAC, ¶ 30).

10.    Cathy Ann Rodriguez died on August 6, 2011 in Travis County, Texas.  (FAC, ¶ 31).  There is no record Cathy Ann Rodriguez's estate was probated.  (FAC, ¶ 32).  At the time of her death, she was married to Tony A. Ruiz.  (FAC, ¶ 33).  Cathy Ann Rodriguez had three children with Tony A. Ruiz: Bruce Andrew Ruiz, Bryan Anthony Ruiz and Brandy Annette Ruiz.  (FAC, ¶ 34).  Upon Cathy Ann Rodriguez's death, all of her interest in the property passed to Tony A. Ruiz.  Tex. Estates Code § 201.003(b). (*See also* FAC, ¶ 35).

11.    Tony A. Ruiz died on May 21, 2012 in Travis County, Texas.  (FAC, ¶ 36).  There is no record Tony A. Ruiz's estate was probated.  (FAC, ¶ 37).  Tony A. Ruiz was not married at the time of his death.  (FAC, ¶ 38).  All three of Tony A. Ruiz's children, Bruce Andrew Ruiz, Bryan Anthony Ruiz and Brandy Annette Ruiz, survived him.  (FAC, ¶ 39).  Upon Tony A. Ruiz's death, all of his interest in the property passed pro rata to Bruce Andrew Ruiz, Bryan Anthony Ruiz and Brandy Annette Ruiz.  Tex. Estates Code § 201.001(b).  (*See also* FAC, ¶ 40).

12.    Gilbert M. Rodriguez died on July 6, 2014 in Dallas County, Texas.  (FAC, ¶ 41).  There is no record Gilbert M. Rodriguez's estate was probated.  (FAC, ¶ 42).  At the time of Gilbert M. Rodriguez's death, he was married to Felicitas "Phyllis" Rodriguez.  (FAC, ¶ 43).  Gilbert M. Rodriguez had four children, all with Felicitas "Phyllis" Rodriguez: Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez and Laura Esmeralda Nguyen.  (FAC, ¶ 44).  Upon Gilbert M. Rodriguez's death, all of his interest in the property passed to Felicitas "Phyllis" Rodriguez.  Tex. Estates Code § 201.003(b).  (*See also* FAC, ¶ 45).

13.    Felicitas "Phyllis" Rodriguez died on July 1, 2021 in Dallas County, Texas.  (FAC, ¶ 46).   There is no record Felicitas "Phyllis" Rodriguez's estate was probated.   (FAC, ¶ 47).

Felicitas "Phyllis" Rodriguez was not married at the time of her death. (FAC, ¶ 48). All of Felicitas "Phyllis" Rodriguez's children, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez and Laura Esmeralda Nguyen, survived her. (FAC, ¶ 49). On Felicitas "Phyllis" Rodriguez's death, all of her interest in the property passed pro rata to Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez and Laura Esmeralda Nguyen. Tex. Estates Code § 201.001(b). (*See also* FAC, ¶ 50).

14.     The current owners of the property are Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz and Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez and Laura Esmeralda Nguyen. (FAC, ¶ 50).

## B.     Procedural history

15.     On January 31, 2018, BoNYM petitioned for an expedited order under Tex. R. Civ. P. 736 to foreclose on the home equity loan in the 201st District Court of Texas. (Dkt. 1-2, at 42). The court entered the requested order on February 19, 2020. (Dkt. 1-2, at 45).

16.     On April 29, 2022, Lydia Ruiz, initiated this lawsuit by filing her original petition in the 459th District Court of Travis County, Texas, seeking to enjoin the trustee sale of the property. (Dkt. 1-2, at p.2). BoNYM removed the lawsuit to this court on May 16, 2022. (Dkt. 1).

### (i)     BoNYM's counterclaim

17.     BNYM filed its original counterclaim on August 31, 2022. (Dkt. 6). BoNYM moved to amend with Ms. Ruiz's consent on October 3, 2022. (Dkt. 13). BoNYM's filed its FAC on November 19, 2022. (Dkt. 17). BoNYM sues for a judgment declaring BoNYM's right to

5

conduct a non-judicial foreclosure sale pursuant to Texas Property Code § 51.002.  (Dkt. 17).

Specifically, BoNYM seeks a declaration:

> (1) the loan is a valid and enforceable contract, (2) BoNYM has performed all of its obligations under the loan, (3) the loan is in default because not all monthly payments were made as required, (4) BoNYM served Tony A. Ruiz with notice the loan was in default, notice of his opportunity to cure the default and notice that, if the default was not cured, the loan's maturity would be accelerated, (5) the default was not cured, (6) the maturity of the loan is accelerated, (7) the total balance due under the loan has not been paid, (8) BoNYM is entitled to foreclose the security instrument and sell the property at a non-judicial foreclosure sale upon providing the notice of the sale required by Texas Property Code section 51.002(b), and (9) upon foreclosure of the security instrument and sale of the property, the purchaser at the sale is entitled to possession of the property.

(FAC, ¶ 54).

### (ii)    Counter-defendants' default

18.    BoNYM's counsel served Ruiz with the FAC through her counsel of record, John G. Helstowski, via the court's case management/electronic case file system pursuant to Fed. R. Civ. P. 5(b)(1), (2)(E) on November 19, 2022.  (Dkts. 43 & 17).  She was required to respond to the FAC within 21 days after being served.  Fed. R. Civ. P. 12(a)(1)(B).  She has never filed an answer or any other response.  (*See generally* docket).

19.    Lydia Ruiz has not participated in this litigation since BoNYM filed and served its FAC; for example, she failed to meet and confer with BoNYM regarding its motion for substituted service.  (BoNYM's Request for Clerk's Entry of Default, dkt. 43; dkt. 30; *see generally* docket). She voluntarily dismissed her cause of action against defendants without prejudice on December 28, 2922, stating that she had "no interest in continuing the efforts to stop the foreclosure of the property."  (Dkts. 43, 25, 26).

20.    BoNYM's FAC joined eight in rem counter-defendants pursuant to Fed. R. Civ. P. 13(h) who are required and/or permissive parties pursuant to Fed. R. Civ. P. 19 and/or 20: Bruce

Andrew Ruiz, Bryan Anthony Ruiz and Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez and Laura Esmeralda Nguyen.  (Dkts. 43 & 17).

21.     BoNYM personally served Ernest Martinez Rodriguez with a copy of the FAC and summons on November 25, 2022.  (Dkts. 43 & 21).  He did not answer or respond within 21 days of service and, to date, he has not filed an answer to the FAC.  (Dkt. 43).  This is not surprising since, on October 3, 2022, Mr. Rodriguez filed a disclaimer of interest.  In the disclaimer, Mr. Rodriguez irrevocably disclaimed any and all right, title, and interest which he had or may have in and to the real property and improvements at the property, and knowingly and willingly waived his right to appear in this case and contest BoNYM's counterclaim for an order authorizing it to foreclose its security instrument and sell the property at a non-judicial foreclosure sale.  (Dkts. 43 & 12).

22.     BoNYM personally served Bryan Anthony Ruiz with a copy of the FAC and summons on November 22, 2022.  (Dkts. 43 & 22).  He did not answer or respond within 21 days of service and, to date, he has not answered or otherwise responded to the FAC.  (Dkt. 43).

23.     BoNYM served Laura Esmaralda Nguyen by delivering of a copy of the FAC and summons to her husband, Phan Nguyen, on November 28, 2022.  (Dkts. 43 & 23).  She did not answer or respond within 21 days of service and, to date, she has not answered or otherwise responded to the FAC.  (Dkt. 43).

24.     BoNYM personally served Brandy Annette Ruiz with a copy of the FAC and summons on November 28, 2022.  (Dkts. 43 & 24).  She did not answer or respond within 21 days of service and, to date, she has not answered or otherwise responded to the FAC.  (Dkt. 43).

25.    BoNYM personally served Gilbert Paul Rodriguez with a copy of the FAC and summons on January 9, 2023.  (Dkts. 43 & 27).  He did not answer or respond within 21 days of service and, to date, he has not answered or otherwise responded to the FAC.  (Dkt. 43).

26.    BoNYM was authorized to serve Priscilla Yvonne Rodriguez by leaving copies of BoNYM's summons and FAC with anyone older than sixteen years of age at 614 Wayne Street, Dallas, Texas 75223, or if no person is found there, by affixing them to the front door of the home. (Dkts. 43 & 31).  BoNYM duly served Priscilla Yvonne Rodriguez in accordance with the order authorizing substituted service on April 6, 2023.  (Dkts. 43 & 35).  She did not answer or respond within 21 days of service and, to date, she has not answered or otherwise responded to the FAC. (Dkt. 43).

27.    BoNYM was authorized to serve Johnny Tijerina Rodriguez by leaving copies of BoNYM's summons and FAC with anyone older than sixteen years of age at 9955 Constance Street, Dallas, Texas 75220, or if no person is found there, by affixing them to the front door of the home, and by text message to 214.226.2855.  (Dkts. 43 & 31).  BoNYM duly served Johnny Tijerina Rodriguez in accordance with the order authorizing substituted service on April 12, 2023. (Dkts. 43 & 36).  He did not answer or respond within 21 days of service and, to date, he has not answered or otherwise responded to the FAC.  (Dkt. 43).

28.    The court issued an order authorizing BoNYM to serve Bruce Andrew Ruiz by publication.  (Dkts. 43 & 31).  BoNYM duly served Bruce Andrew Ruiz in accordance with the order authorizing substituted service by publication of the notice of the lawsuit on the Texas Office of Court Administration's Public Information Website from April 26, 2023 to May 24, 2023.  (Dkt. 43 & 40).  The notice provided Mr. Ruiz until June 5, 2023 to answer or respond.  (*Id.*).  He did

not answer or respond by June 5, 2023, and, to date, he has not answered or otherwise responded to the FAC.  (Dkt. 43).

29.    None of the counter-defendants are minors or, to the best BoNYM's knowledge, incompetent.  (Dkt. 43).

30.    A search of the Department of Manpower database was conducted for all counter-defendants.  (Dkt. 43).  None of the counter-defendants is identified as active military in any branch of the United States military or otherwise subject to the Servicemembers Civil Relief Act.  (*Id*.).

**(iii)    Clerk entered default against counter-defendants**

31.    BoNYM requested the clerk enter default against counter-defendants on July 10, 2023.  (Dkt. 43).  In addition to establishing the facts regarding the BoNYM's service and counter-defendants' failure to respond set forth above, BoNYM demonstrated the counter-defendants are not minors, active members of the military or otherwise subject to the Servicemembers Civil Relief Act, 50 U.S.C. § 501 set seq., or incompetent.  (*Id*.).  The clerk entered default against the counter-defendants on July 11, 2023.  (Dkt. 44).

## III.    ARGUMENT

**A.    Legal standard**

32.    BoNYM must satisfy three steps to obtain a default judgment: (**a**) default by the counter-defendant, Fed. R. Civ. P. 55(a), (**b**) entry of default by the clerk, Fed. R. Civ. P. 55(a), and (**c**) entry of a default judgment by the district court, Fed. R. Civ. P. 55(b).  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  Once the clerk enters default, "a plaintiff may apply to the district court for a judgment based on such default."  *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018), *recommendation adopted,* 2019 WL 399900 (N.D. Tex. Jan. 31, 2019).

33.     By failing to answer or otherwise respond to BoNYM's FAC, the counter-defendants admit the FAC's well-pleaded allegations and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  All factual allegations are taken as true, except regarding damages. *Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

**B.     BoNYM is entitled to judgment declaring its right to foreclose**

34.     The facts admitted by the counter-defendants, as well as the documentary evidence, establish BoNYM is entitled to the relief it seeks.  The loan is a home equity line of credit; it was made pursuant to Tex. Const. art. XVI, § 50(a)(6)(D).  ([ ] Decl., **Ex. 1**, note, ¶ 1).  Such a lien may only be foreclosed pursuant to a court order.  Tex. Const. art. XVI, § 50(a)(6)(D).  To establish it is entitled to an order and judgment of foreclosure, the mortgagee must prove (**1**) a debt exists, (**2**) the debt is secured by a lien created under art. 16, § 50(a)(6) of the Texas Constitution, (**3**) plaintiffs are in default under the note and security instrument, and (**4**) plaintiffs received notice of default and acceleration.  *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

35.     The note Tony A. Ruiz signed is evidence a debt exists.  ([ ] Decl., **Ex. 1**, ¶ 1).  The note is secured by the security instrument created under Tex. Const. art. XVI, § 50(a)(6)(D).  ([ ] Decl., **Ex. 1**: note, ¶ 1 ("This is an extension of credit as defined by section 50(a)(6), Article XVI of the Texas Constitution."), **Ex. 2**: security instrument, at p. 1 ("This is an extension of credit as defined by section 50(a)(6), Article XVI of the Texas Constitution.")).

36.     Tony A. Ruiz failed to make all loan payments as they came do and, as a result, the loan fell into default status.  (FAC, at ¶¶ 22, 24; [ ] Decl., ¶ 7; Exs. 4, 5, 6.)  BoNYM provided Tony A. Ruiz with notice of default and intent to accelerate, notice of his opportunity to cure the

default, and warned him the maturity of the note would be accelerated if he failed to do so.  (*Id*.).

*See e.g*., *Burney v. Citigroup Global Markets Realty Corp*., 244 S.W.3d 900, 904 (Tex. App.—

Dallas 2008, no pet.) (filing suit after notice of intent to accelerate is notice of acceleration).  The

default has not been cured to date.  ([ ] Decl., ¶ 9).

37.	Although Tony A. Ruiz is the only party who signed the promissory note, Mr. Ruiz,

his wife Cathy Ann Rodriguez, and Vera Martinez all three signed the security instrument.  All

three have since passed away and, for that reason, BoNYM named all heirs who may claim a

property interest.  The party who initiated this action, Lydia Ruiz, voluntarily dismissed her claims.

(Dkts. 25 & 26).  Ernest Martinez Rodriguez filed a disclaimer of interest.  (Dkt. 12).  BoNYM

has served all of the counter-defendants with the FAC, and no counter-defendant filed an answer

or otherwise responded to the FAC.  (*See generally* docket).  BoNYM obtained defaults for each

counter-defendant, and now requests entry of default judgment permitting it to non-judicially

foreclose on its security instrument.  (Dkt. 44).

38.	Finally, there is a clear chain of title establishing BoNYM as the mortgagee with

authority to institute foreclosure proceedings.  The Texas Property Code permits either a

mortgagee to administer foreclosure.  Tex. Prop. Code §§ 51.0001(4); 51.0025; *see also Martins

v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013).  Under Texas law, a

mortgagee includes three categories of entities: (**1**) the grantee, beneficiary, owner, or holder of a

security instrument; (**2**) a book entry system (defined as, "a national book entry system for

registering a beneficial interest in a security instrument" or (**3**) "the last person to whom the

security interest has been assigned of record."  Tex. Prop. Code § 51.0001(4).

39.	Here, "the last person to whom the security interest has been assigned of record" is

BoNYM by virtue of the 2012 recorded assignment from Mortgage Electronic Registration

Systems, Inc., nominee beneficiary for Full Spectrum Lending, Inc., its successors and assigns, to

BoNYM.  ([ ] Decl., Ex. 3).  In addition, BoNYM is also the mortgagee under the first category of

entities, which includes "the grantee, beneficiary, owner, or holder of a security instrument."  Tex.

Prop. Code § 51.0001(4).

      40.     BoNYM has a valid interest in the loan as mortgagee, and is authorized to foreclose.

## IV.    CONCLUSION & PRAYER

The allegations admitted by the counter-defendants and supporting evidence establish

BoNYM's right to foreclose the security instrument and sell the property at a non-judicial

foreclosure sale.  *Tillery v. Guild Mortg. Co*., No. A-19-CV-245-RP, 2020 WL 10964591, at \*1

(W.D. Tex. May 26, 2020), *report and recommendation adopted*, 2021 WL 8083346 (W.D. Tex.

Sept. 8, 2021) (granting same relief to counter-plaintiff upon counter-defendant's failure to

answer).  BoNYM prays for a judgment declaring these rights and for any and all other relief to

which it is entitled.


Dated: August 31, 2023            Respectfully submitted,


          */s/ Melanie D. Morgan*
          Melanie D. Morgan, SBN: 24039096
          *--Attorney in Charge*
          AKERMAN LLP
          2001 Ross Avenue, Suite 3600
          Dallas, Texas 75201
          Telephone:    214.720.4300
          Facsimile:    214.981.9339
          E-Mail:      melanie.morgan@akerman.com

          **ATTORNEYS FOR THE BANK OF NEW
          YORK MELLON, AS TRUSTEE, AND
          SHELLPOINT MORTGAGE SERVICING**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on August 31, 2023 to the following persons via regular and certified U.S. Mail, return receipt requested and via email to counter-defendants:

Ernest Martinez Rodriguez II
6200 Club Terrace
Austin, Texas 78741
*In Rem Counter-Defendant*

Bryan Anthony Ruiz
2209 Perry Avenue, Apt. 104
Austin, Texas 78704
*In Rem Counter-Defendant*

Brandy Annette Ruiz
800 McLaury Cove
Killeen, Texas 76542
*In Rem Counter-Defendant*

Gilbert Paul Rodriguez
509 N. Chestnut Street
McKinney, Texas 75069
*In Rem Counter-Defendant*

Laura Esmaralda Nguyen
4608 Plumeria Drive
Mansfield, Texas 76063
*In Rem Counter-Defendant*

Lydia Ruiz
8528 Cornwall Drive
Austin, Texas 78748
Ruiz_lydia49@yahoo.com
*Plaintiff/Counter-Defendant*

Priscilla Yvonne Rodriguez
614 Wayne Street
Dallas, Texas 75223
*In Rem Counter-Defendant*

Johnny Tijerina Rodriguez
9955 Constance Street
Dallas, Texas 75220
*In Rem Counter-Defendant*

*/s/ Melanie D. Morgan*
Melanie D. Morgan