# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **LYDIA RUIZ**, *as one of the surviving heirs-at-law of Tony A. Ruiz, Vera Martinez, and Cathy Ann Rodriguez, each deceased*, <br> *Plaintiff/Counter-Defendant* <br><br> v. <br><br> **THE BANK OF NEW YORK MELLON**, *as trustee for the Certificate Holders of CWABS, Inc.*, <br> *Defendant/Counter-Plaintiff* <br><br> v. <br><br> **BRUCE ANDREW RUIZ; BRYAN ANTHONY RUIZ; BRANDY ANNETTE RUIZ; ERNEST MARTINEZ RODRIGUEZ II; GILBERT PAUL RODRIGUEZ; JOHNNY TIJERINA RODRIGUEZ; PRISCILLA YVONNE RODRIGUEZ; and LAURA ESMARALDA NGUYEN**, <br> *Counter-Defendants* | **CASE NO. 1:22-CV-00483-DAE-SH** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendant/Counter-Plaintiff The Bank of New York Mellon, formerly known as The Bank of New York, as trustee for the Certificate Holders of CWABS, Inc., Asset Backed Notes Series 2004-SD4's Corrected Motion for Default Judgment Against Counter-Defendants, filed August 31, 2023 (Dkt. 46), and Proposed Findings of Fact, Conclusions of Law, and Order on BONYM's Motion for Default Judgment, filed December 13, 2023 (Dkt. 48).[1]

---

[1] The District Court referred the motion to this Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 4.

1

I. Background

On April 29, 2022, Plaintiff Lydia Ruiz filed this case in state court to stop the foreclosure of property in Travis County, Texas. Petition, Dkt. 1-2 at 2. Defendants The Bank of New York Mellon ("BNY Mellon") and NewRez LLC d/b/a Shellpoint Mortgage Servicing removed the case on May 18, 2022. Dkt. 1. Ruiz alleges that she and others inherited a share of the property after the deaths of the original owners, Tony A. Ruiz and Vera Martinez, but their attempts to sell the property failed after BNY Mellon started foreclosure proceedings related to a home equity line of credit. Dkt. 1-2 at 4-8.

BNY Mellon counterclaimed against Ruiz and all others who had interests in the property, seeking a declaratory judgment that it "has the right to foreclose the security instrument and sell the property." First Amended Counterclaim, Dkt. 17 ¶ 54. The Counter-Defendants are Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II,[2] Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen. *Id.* ¶¶ 2-10. BNY Mellon also filed counterclaims on the same basis against Cristine Rodriguez Rendon and Ernest Martinez Rodriguez III, who have disclaimed all interest in the property, and Johnny Rodriguez. Dkt. 6 ¶¶ 6-8; Dkts. 11-12. BNY Mellon dropped its counterclaims against these three Counter-Defendants in its First Amended Counterclaim. Dkt. 17. The Court voluntarily dismissed Lydia Ruiz's claims against Defendants, terminating NewRez and leaving BNY Mellon's counterclaims pending. Dkt. 26.

BNY Mellon alleges that Tony A. Ruiz and Vera Martinez each owned one-half interest in the property at 8528 Cornwall Drive, Austin, Texas 78748, and that Tony A. Ruiz was married to Vera Martinez's daughter, Cathy Ann Rodriguez. Dkt. 17 ¶¶ 14-15. The three "executed a security

---

[2] Ernest Martinez Rodriguez II is listed on the docket as Ernest Martinez Rodriguez III, who is no longer a party to this case.

instrument granting a lien against the property" to secure a $64,500 home equity loan obtained by Tony A. Ruiz on August 25, 2000. *Id.* ¶¶ 16-17. The loan, including the security instrument, was assigned to BNY Mellon on July 26, 2012. *Id.* ¶ 20. BNY Mellon alleges that the loan is in default because all payments have been missed since August 1, 2012. *Id.* ¶ 22.

BNY Mellon alleges that the heirs to and current owners of the property are Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen. *Id.* ¶¶ 26-51. All Counter-Defendants have been served. Dkts. 21-24, 27, 35-36, 40.

Lydia Ruiz has not participated in the litigation since her claims were dismissed and has not answered BNY Mellon's counterclaim. The remaining Counter-Defendants made no appearance and have failed to plead, respond, or otherwise defend this case. On July 11, 2023, the Clerk entered default against all Counter-Defendants. Dkt. 44. BNY Mellon now asks the Court to enter a default judgment against all Counter-Defendants and issue a declaratory judgment establishing its right to foreclose the security instrument and sell the property. Dkt. 46.

## II.   Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.   Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). BNY Mellon does not seek damages. Dkt. 17 ¶ 55.

**A. Jurisdiction**

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). BNY Mellon states in its Notice of Removal that it is a Delaware corporation with its

principal place of business in New York, Dkt. 1 ¶ 5, and alleges that all Counter-Defendants are individuals residing in Texas. Dkt. 17 ¶¶ 3-12.

BNY Mellon also alleges that the amount in controversy exceeds $75,000 because the "object of this litigation—8528 Cornwall Drive, Austin, Texas 78748—is valued at $467,397." Dkt. 1 ¶ 9. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." (citation omitted)). Because the amount in controversy exceeds $75,000 and the case is between citizens of different states, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

BNY Mellon alleges that all Counter-Defendants are individuals who reside in Texas, so the Court has general personal jurisdiction over them. Dkt. 17 ¶¶ 3-10, 12. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").

**B.   Liability**

The Court next considers whether a default judgment is procedurally warranted and the First Amended Counterclaim sufficiently sets forth facts showing that BNY Mellon is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

**1.   Default Judgment is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, courts consider six factors:

> (1) whether material issues of fact are at issue;
> (2) whether there has been substantial prejudice;
> (3) whether the grounds for default are clearly established;

    (4) whether the default was caused by a good faith mistake or excusable neglect;

    (5) the harshness of a default judgment; and

    (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Counter-Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, Counter-Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [BNY Mellon's] interests." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established. The Clerk has entered default against all Counter-Defendants. The only Counter-Defendant to appear, Lydia Ruiz, abandoned participation in this lawsuit and did not file a responsive pleading. All remaining Counter-Defendants were properly served and "failed to appear and participate at all, much less timely file a responsive pleading." *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Lydia Ruiz has not responded to any of BNY Mellon's pleadings, and all other Counter-Defendants have failed to appear. Fifth, BNY Mellon seeks a declaratory judgment describing its rights in the property and no damages, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by Counter-Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2. There Is a Sufficient Basis for Judgment in the Pleadings**

As stated, BNY Mellon seeks no damages. It requests a declaratory judgment under Texas Civil Practice & Remedies Code Chapter 37, the Texas Declaratory Judgment Act, establishing its right "to foreclose the security instrument and sell the property pursuant to Texas Property Code chapter 51." Dkt. 17 ¶ 54. The Court instead applies the Federal Declaratory Judgment Act because the Texas Declaratory Judgment Act is a procedural rule that generally does not apply to a federal court sitting in diversity. *Santiago v. BAC Home Loans Servicing, L.P.*, 20 F. Supp. 3d 585, 593 (W.D. Tex. 2014).

Under the Federal Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration" in a case that is an "actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). A lienholder may file a counterclaim for declaratory judgment to adjudicate the validity of a lien. *Greco v. LSF9 Master Participation Tr.*, No. 4:18-CV-00671-ALM-CAN, 2019 WL 4934654, at *8 (E.D. Tex. Aug. 12, 2019), *R. & R. adopted in part*, 2019 WL 4508956 (E.D. Tex. Sept. 19, 2019) (granting defendant's claim for declaratory relief). A party may elect to pursue a declaratory judgment even when another remedy is available. FED. R. CIV. P. 57.

To foreclose under a security instrument with a power of sale, Texas law requires the holder of the security instrument to demonstrate that (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the debtors are in default under the note and security instrument; and (4) the debtors received notice of default and acceleration.

*Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

BNY Mellon alleges that:

(1) Tony A. Ruiz obtained a $64,500 home equity loan on August 25, 2000 and executed a note to repay the loan, Dkt. 17 ¶ 16;

(2) Tony A. Ruiz, Cathy Ann Rodriguez, and Vera Martinez executed a security instrument granting a lien against the property located at 8528 Cornwall Drive, Austin, Texas 78748, to secure repayment of the note, *id.* ¶ 17;

(3) The note and security instrument were made pursuant to Article 16, § 50(a)(6) of the Texas Constitution, *id.* ¶ 18;

(4) The security instrument was last assigned to BNY Mellon, *id.* ¶ 20.

(5) The loan is in default because all payments have been missed since August 1, 2012, *id.* ¶ 22;

(6) BNY Mellon served Tony A. Ruiz with notice of the default, notice of his opportunity to cure the default, and notice that BNY Mellon would accelerate the loan if the default was not cured within 45 days, *id.* ¶ 23; and

(7) BNY Mellon accelerated the maturity of the loan with the filing of its counterclaim, *id.* ¶ 25.

By defaulting, Counter-Defendants admitted these facts. *Nishimatsu*, 515 F.2d at 1206.

While BNY Mellon alleges that it served Tony A. Ruiz with notice of the default, it does not allege that it served Vera Martinez or Cathy Ann Rodriguez with notice. Texas Property Code Section 51.002(d) requires service of a notice of default on the debtor before foreclosure proceedings.

BNY Mellon attached the Notice of Default and Intent to Accelerate sent to the Estate of Tony Ruiz on August 8, 2013. Dkt. 46-1 at 84-86. The security instrument provides that: "Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property . . . [and]

(b) is not personally obligated to pay the sums secured by this Security Instrument." Dkt. 46-1 at 14. Because Vera Martinez and Cathy Ann Rodrigeuz did not sign the note and were not obligated to repay the loan, they were not debtors under Texas law, and BNY Mellon was required to serve only Tony A. Ruiz with the notice of default. *Darlington v. Specialized Loan Servicing, LLC*, No. 1:18-CV-674-LY-ML, 2019 WL 4999006, at *5 (W.D. Tex. July 30, 2019) (holding that the plaintiff was not a debtor entitled to notice when she signed the security instrument but not the note), *R. & R. adopted*, 2019 WL 11541361 (W.D. Tex. Aug. 22, 2019). In addition, it was unnecessary for BNY Mellon to provide notice to Counter-Defendants because "Texas law does not independently provide these notice rights to non-parties to a deed of trust," including Counter-Defendants. *Trien v. Fed. Home Loan Mortg. Corp.*, 400 F. Supp. 3d 596, 607 (W.D. Tex. 2019).

The exhibits and facts alleged establish that a debt secured by a lien to the property located at 8528 Cornwall Drive, Austin, Texas 78748 exists; that the debtor, Tony A. Ruiz, is in default; and that his estate has received notice of the default and the acceleration of the loan. BNY Mellon has established that it has a right to foreclose on the property. This Magistrate Judge recommends that the District Court grant the motion for default judgment and issue a declaratory judgment.

## IV.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant/Counter-Plaintiff Bank of New York Mellon's Corrected Motion for Default Judgment Against Counter-Defendants (Dkt. 46) and **ENTER DEFAULT JUDGMENT** under Rule 55(b) against Counter-Defendants Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen.

The Court further **RECOMMENDS** that the District Court issue a declaratory judgment that:

(1) The loan is a valid and enforceable contract;

(2) BNY Mellon has performed all of its obligations under the loan;

(3) The loan is in default because not all monthly payments were made as required;

(4) BNY Mellon served Tony A. Ruiz with notice that the loan was in default, notice of his opportunity to cure the default, and notice that if the default was not cured the loan's maturity would be accelerated;

(5) The default was not cured;

(6) The maturity of the loan is accelerated;

(7) The total balance due under the loan has not been paid;

(8) BNY Mellon is entitled to foreclose the security instrument and sell the property at a nonjudicial foreclosure sale on providing the notice of the sale required by Texas Property Code § 51.002(b); and

(9) On foreclosure of the security instrument and sale of the property, the purchaser at the sale is entitled to possession of the property.

Because BNY Mellon's counterclaims are the only claims remaining in this case, this Magistrate Judge **FURTHER RECOMMENDS** that the District Court **ENTER FINAL JUDGMENT**.

It is **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

### V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the

District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 11, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE