UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LYDIA RUIZ, as one of the surviving heirs at- law of Tony A. Ruiz, Vera Martinez, and Cathy Ann Rodriguez, each deceased,<br>*Plaintiff/Counter-Defendant* §§§§§§ | No. 1:22-CV-00483-DAE |
| v. §§ | |
| THE BANK OF NEW YORK MELLON, as Trustee for the Certificate Holders of CWABS, Inc.,<br>*Defendant/Counter-Plaintiff,* §§§§§§§ | |
| v. §§ | |
| BRUCE ANDREW RUIZ; BRYAN ANTHONY RUIZ; BRANDY ANNETTE RUIZ; ERNEST MARTINEZ RODRIGUEZ II; GILBERT PAUL RODRIGUEZ; JOHNNY TIJERINA RODRIGUEZ; PRISCILLA YVONNE RODRIGUEZ; and LAURA ESMARALDA NGUYEN<br>*Counter-Defendants* §§§§§§§ | |

ORDER ADOPTING U.S. MAGISTRATE JUDGE HIGHTOWER'S
<u>REPORT AND RECOMMENDATION</u>

Before the Court is U.S. Magistrate Judge Hightower's Report and

Recommendation ("Report"), issued on March 11, 2024, concerning The Bank of

1

New York Mellon ("BNY Mellon"), as trustee for the Certificate Holders of CWABS, Inc., Asset Backed Notes Series 2004-SD4's Motion for Default Judgment Against Counter- Defendants, filed August 31, 2023 (Dkt. # 46), and Proposed Findings of Fact, Conclusions of Law and Order on BNY Mellon's Motion for Default Judgment, filed December 13, 2023 (Dkt. # 48).

The Court finds this matter suitable for disposition without a hearing. After careful consideration, the Court—for the reasons that follow— **ADOPTS** Judge Hightower's Report and **GRANTS** Bank of New York Mellon's Corrected Motion for Default Judgment Against Counter-Defendants (Dkt. # 46) and **ENTERS DEFAULT JUDGMENT** against Counter-Defendants Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen.

BACKGROUND

The Court agrees with Judge Hightower's recitation of the facts and incorporates them in full:

On April 29, 2022, Plaintiff Lydia Ruiz filed this case in state court to stop the foreclosure of property in Travis County, Texas. (Dkt. # 1-2 at 2.) Defendants The Bank of New York Mellon ("BNY Mellon") and NewRez LLC d/b/a Shellpoint Mortgage Servicing removed the case May 18, 2022. (Dkt. # 1.)

2

Ruiz alleges that she and others inherited a share of the property after the deaths of the original owners, Tony A. Ruiz and Vera Martinez, but their attempts to sell the property failed after BNY Mellon started foreclosure proceedings related to a home equity line of credit. (Dkt. # 1-2 at 4-8.)

BNY Mellon counterclaimed against Ruiz and all others who had interests in the property, seeking a declaratory judgment that it "has the right to foreclose the security instrument and sell the property. (Dkt. # 17 ¶ 54.)  The Counter-Defendants are Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen.  (Id. ¶¶ 2-10.)  BNY Mellon also filed counterclaims on the same basis against Cristine Rodriguez Rendon and Ernest Martinez Rodriguez III, who have disclaimed all interest in the property, and Johnny Rodriguez.  (Dkt. # 6 ¶¶ 6-8; Dkts. # 11-12.)  BNY Mellon dropped its counterclaims against these three Counter-Defendants in its First Amended Counterclaim.  (Dkt. # 17.)  The Court voluntarily dismissed Lydia Ruiz's claims against Defendants, terminating NewRez and leaving BNY Mellon's counterclaims pending.  (Dkt. # 26.)

BNY Mellon alleges that Tony A. Ruiz and Vera Martinez each owned one-half interest in the property at 8528 Cornwall Drive, Austin, Texas 78748, and that Tony A. Ruiz was married to Vera Martinez's daughter, Cathy

3

Ann Rodriguez. (Dkt. # 17 ¶¶ 14-15.)  The three "executed a security instrument granting a lien against the property" to secure a $64,500 home equity loan obtained by Tony A. Ruiz on August 25, 2000. (Id. ¶¶ 16-17.)  The loan, including the security instrument, was assigned to BNY Mellon on July 26, 2012.  (Id. ¶ 20.) BNY Mellon alleges that the loan is in default because all payments have been missed since August 1, 2012. (Id. ¶ 22.)

       BNY Mellon alleges that the heirs to and current owners of the property are Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen. (Id. ¶¶ 26-51.)  All Counter-Defendants have been served.  (Dkts. # 21-24, 27, 35-36, 40.)  Lydia Ruiz has not participated in the litigation since her claims were dismissed and has not answered BNY Mellon's counterclaim. The remaining Counter-Defendants made no appearance and have failed to plead, respond, or otherwise defend this case. On July 11, 2023, the Clerk entered default against all Counter-Defendants.  (Dkt. # 44.)  BNY Mellon now asks the Court to enter a default judgment against all Counter-Defendants and issue a declaratory judgment establishing its right to foreclose the security instrument and sell the property. Dkt. # 46.)

4

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).[1]

---

[1] The Court has made numerous attempts by certified mail to notify Counter-Defendants of Judge Hightower's Report. The Report has been returned as undeliverable as to Lydia Ruiz, Annette Ruiz, Johnny Rodriguez, Bruce Andrew Ruiz, Ernest Martinez Rodriguez, Gilbert Paul Rodriguez, and Laura Esmaralda Nguyen. Parties are responsible for keeping their contact information up-to-date in pending cases. In re Hammer, 940 F.2d 524, 526 (9th Cir.1991) (upholding denial of motion to set aside default judgment where plaintiff failed to update address and knew or should have known of proceedings). Therefore, those counter-defendants who have failed to update their addresses are not excused from a default judgment.

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. FED. R. CIV. P. 55; New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. Id. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. Escalante v. Lidge, 34 F.4th 486, 492 (5th Cir. 2022). There must be a sufficient basis in the pleadings for the judgment entered. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015). Entry of default judgment is within the court's discretion. See Stelly v. Duriso, 982 F.3d 403, 406 (5th Cir. 2020); Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

In considering the motion, the undersigned must determine: (1) whether default judgment is procedurally warranted, (2) whether the complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, the party should receive. United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## DISCUSSION

I. Jurisdiction

Judge Hightower found the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The Court agrees. BNY Mellon is a Delaware corporation with its principal place of business in New York. (Dkt. # 1 ¶ 5). All Counter-Defendants are individuals residing in Texas. (Dkt. # 17 ¶¶ 3-12) . BNY Mellon also alleges that the amount in controversy exceeds $75,000 because the "object of this litigation—8528 Cornwall Drive, Austin, Texas 78748—is valued at $467,397." (Dkt. 1 # ¶ 9.) Thus, jurisdiction is proper.

II. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

Judge Hightower found that default judgment is procedurally warranted. The Court agrees with Judge Hightower's conclusions and incorporates the following analysis into the present order.

As Judge Hightower noted, there are no material facts in dispute because Counter-Defendants have not filed an answer or any responsive pleadings. Nishimatsu, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, Counter-Defendants' failure to respond threatens to bring the adversary process to a halt and is prejudicial to [BNY Mellon's] interests. J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established. The Clerk has entered default against all Counter Defendants. The only Counter-Defendant to appear, Lydia Ruiz, abandoned participation in this lawsuit and did not file a responsive pleading. All remaining Counter-Defendants were properly served and "failed to appear and participate at all, much less timely file a responsive pleading." Can Cap. Asset Servicing, Inc. v. Walker, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Lydia Ruiz has not responded to any of BNY Mellon's pleadings, and all other Counter-Defendants have failed to appear. Fifth, BNY Mellon seeks a declaratory judgment describing its rights in the property and no damages, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by

Counter-Defendants. Id. For these reasons, the Court agrees with Judge Hightower and finds that default judgment is procedurally warranted.

### III. There Is a Sufficient Basis for Judgment in the Pleadings

The Court applies the Federal Declaratory Judgment Act because the Texas Declaratory Judgment Act is a procedural rule that generally does not apply to a federal court sitting in diversity. Santiago v. BAC Home Loans Servicing, L.P., 20 F. Supp. 3d 585, 593 (W.D. Tex. 2014).

Under the Federal Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration" in a case that is an "actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citation omitted). A lienholder may file a counterclaim for declaratory judgment to adjudicate the validity of a lien. Greco v. LSF9 Master Participation Tr., No. 4:18-CV-00671-ALM-CAN, 2019 WL 4934654, at *8 (E.D. Tex. Aug. 12, 2019), report and recommendation adopted in part, 2019 WL 4508956 (E.D. Tex. Sept. 19, 2019) (granting defendant's claim for declaratory relief). A party may elect to pursue a declaratory judgment even when another remedy is available. FED. R. CIV. P. 57.

To foreclose under a security instrument with a power of sale, Texas law requires the holder of the security instrument to demonstrate that (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the debtors are in default under the note and security instrument; and (4) the debtors received notice of default and acceleration. Huston v. U.S. Bank Nat'l Ass'n, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002), aff'd, 583 F. App'x 306 (5th Cir. 2014). BNY Mellon alleges that:

(1) Tony A. Ruiz obtained a $64,500 home equity loan on August 25, 2000 and executed a note to repay the loan. (Dkt. # 17 ¶ 16.)

(2) Tony A. Ruiz, Cathy Ann Rodriguez, and Vera Martinez executed a security instrument granting a lien against the property located at 8528 Cornwall Drive, Austin, Texas 78748, to secure repayment of the note. (id. ¶ 17)

(3) The note and security instrument were made pursuant to Article 16, § 50(a)(6) of the Texas Constitution. (id. ¶ 18)

(4) The security instrument was last assigned to BNY Mellon. (id. ¶ 20.)

(5) The loan is in default because all payments have been missed since August 1, 2012. (id. ¶ 22.)

(6) BNY Mellon served Tony A. Ruiz with notice of the default, notice of his opportunity to cure the default, and notice that BNY Mellon would accelerate the loan if the default was not cured within 45 days. (id. ¶ 23.)

(7) BNY Mellon accelerated the maturity of the loan with the filing of its counterclaim. (id. ¶ 25.)

As Judge Hightower noted, by defaulting, Counter-Defendants admitted these facts. <u>Nishimatsu</u>, 515 F.2d at 1206. Judge Hightower stated that while Tony A. Ruiz was allegedly serviced with notice of default, the same cannot be said for Vera Martinez or Cathy Ann Rodriguez. Thus, under Texas Property Code 51.002(d), Judge Hightower observed the law requires service of a notice of default on the debtor before foreclosure proceedings.

Nevertheless, the Court agrees with Judge Hightower that an enter of default judgment is still warranted.

BNY Mellon attached the Notice of Default and Intent to Accelerate sent to the Estate of Tony Ruiz on August 8, 2013. (Dkt. # 46-1 at 84-86.) The security instrument provides that: "Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property . . . [and] (b) is not personally obligated to pay the sums secured by this Security Instrument." (Dkt. # 46-1 at 14.)

Based on the security instrument, Judge Hightower held that BNY Mellon was not required to serve Vera Martinez and Cathy Ann Rodrigeuz with the notice of default because they did not sign the note. Moreover, Judge Hightower stated that Vera Martinez and Cathy Ann Rodrigeuz were not obligated to repay the loan and they were not debtors under Texas law.

11

This Court agrees and recognizes the precedent of this district regarding such matters.  See e.g., Darlington v. Specialized Loan Servicing, *LLC*, No. 1:18-CV-674-LY-ML, 2019 WL 4999006, at *5 (W.D. Tex. July 30, 2019) (holding that the plaintiff was not a debtor entitled to notice when she signed the security instrument but not the note), report and recommendation adopted, 2019 WL 11541361 (W.D. Tex. Aug. 22, 2019).

Ultimately, the Court finds that Tony A. Ruiz is in default for the debt secured by a lien to the property located at 8528 Cornwall Drive, Austin, Texas 78748.  His estate has received sufficient notice of default and the acceleration of the loan. BNY Mellon has established that it has a right to foreclose on the property.

## CONCLUSION

`For the reasons stated above, the Court **ADOPTS** U.S. Magistrate Judge Hightower's Report and **GRANTS** Bank of New York Mellon's Corrected Motion for Default Judgment Against Counter-Defendants (Dkt. # 46) against Counter-Defendants Lydia Ruiz, Bruce Andrew Ruiz, Bryan Anthony Ruiz, Brandy Annette Ruiz, Ernest Martinez Rodriguez II, Gilbert Paul Rodriguez, Johnny Tijerina Rodriguez, Priscilla Yvonne Rodriguez, and Laura Esmaralda Nguyen.

Furthermore, the Court issues a declaratory judgment that:

(1) The loan is a valid and enforceable contract;

(2) BNY Mellon has performed all of its obligations under the loan;

(3) The loan is in default because not all monthly payments were made as required;

(4) BNY Mellon served Tony A. Ruiz with notice that the loan was in default, notice of his opportunity to cure the default, and notice that if the default was not cured the loan's maturity would be accelerated;

(5) The default was not cured;

(6) The maturity of the loan is accelerated;

(7) The total balance due under the loan has not been paid;

(8) BNY Mellon is entitled to foreclose the security instrument and sell the property at a nonjudicial foreclosure sale on providing the notice of the sale required by Texas Property Code § 51.002(b); and

(9) On foreclosure of the security instrument and sale of the property, the purchaser at the sale is entitled to possession of the property.

Because these are the only claims remaining in the case, the Court enters final judgment.

**IT IS SO ORDERED.**
**DATED: Austin, Texas: June 11, 2024**

_____
David Alan Ezra
Senior United States District Judge